Mathews, J.
delivered the opinion of the court. On the first argument of this case, the court having entertained, and expressed *531 doubts of the propriety and legality of an r . . tion, brought by a syndic of an insolvent, directly against his co-syndic, to recover the funds of the estate, which might be in the possession of the latter, the cause was reserved for further argument on this point.
East'n District.
May, 1822.
It is admitted by the counsel for the plaintiff and appellant, that he has not been able to discover any positive rule of law on the subject. His arguments are founded on the inconvenience which would occur, in the administration of justice, from a doctrine contrary to that which he advocates; and an attempt is made to support them by analogy, to the situation of attornies in fact, in cases where a joint power is given to two or more, and to that of co-tutors, and co-executors, who are bound in solido, for the faithful discharge of the duties appertaining to their respective agencies. Of these analogies presented for our consideration, the most obvious is that of joint mandatories, or attornies.— Indeed, the difference of situation between such persons, as derive their authority to act for another, by a power immediately emanating from their constituent, and that of syn-dics, appointed by the creditors of an insol *532 vent, to manage his estate, is scarcely dis- . ° cernible; except the commissions allowed to the latter, and their interest in the estate, of which they have the administration; being usually chosen from amongst the creditors.— When two or more persons are appointed to act for another, the concurrence of all is, perhaps, necessary to bind their constituent; unless the mandate constitutes them in solidum, but it is clear, that when they are not constituted in this manner, each is bound for his own administration, and for no more. Curia Philipica, lib. 1, cap. 4, n. 37.
We are unable to discover any thing in our laws on the subject of syndics, which makes them accountable in solidum, for the management of the insolvent’s estate.— Their power (when more than one is appointed) is joint; their rights are equal, and the funds which arise from the sales of the property entrusted to their administration, may be held by one, or by all, according to their own private regulations; but no one of them is more entitled to receive, and keep the proceeds of the estate, than another. It is unnecessary to decide the question whether a syndic can legally become the purchaser of *533 any part of the estate, submitted to his ... . . trol, with power to sell. But admitting that he can lawfully buy, the price, which is thus virtually in his possession, for the benefit of all the creditors, according to their privileges, may be retained by him, in opposition to any claim of his co-syndics : for in pari casu potior est conditio possidentis.
The acts of the legislature of 1817 have been cited to shew the duty of syndics. The same law, which points out their duties, gives a remedy against them for neglect or misconduct in the administration of an estate; but the remedy accorded, is entirely different from that which is sought in the present case. It belongs to the creditors to obtain it, not to any one of the syndics, by suit against his co-syndic.
It is the opinion of the court, that the plaintiff (although, perhaps actuated by the best motives) did mistake his authority in commencing this action; and as the toleration of suits by one syndic against another, w'ho is equally empowered to manage the estate of an insolvent, might lead to results worse than absurd ; and as the respective rights of the creditors in this case may be settled, either *534 by adjudgment for the final distribution of . such estate, or by their proceeding in pursuance 0f provisions of the act of 1817,
Moreau for the plaintiff, Cuvillier for the defendant.
It is therefore ordered, adjudged and decreed, that the judgment of the district court be reversed and annulled, and that judgment be here entered for the defendant, as in case of non-suit.